## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____ :
                                        :
QVC, INC.                               :
Studio Park                             :
1200 Wilson Drive                       :
West Chester, Pennsylvania 19380,       :    CIVIL ACTION
                          Plaintiff,    :
                                        :    NO. _____
                                        :
                    v.                  :
                                        :
INTERACTIVE GROUP LIMITED               :
99 Queens Road, 31/F., The Center       :
Central, Hong Kong, China               :
                                        :
                          Defendant.    :
_____:

## COMPLAINT – CIVIL ACTION

Plaintiff, QVC, Inc., by and through its undersigned counsel, hereby complains of defendant, Interactive Group Limited as follows:

### PARTIES

1.      Plaintiff, QVC, Inc. ("Plaintiff" or "QVC"), is a corporation duly organized and existing under the laws of the State of Delaware with its principal place of business located at 1200 Wilson Drive, West Chester, Pennsylvania 19380-4262.

2.      Defendant, Interactive Group Limited ("Defendant" or "Interactive"), is a corporation organized and existing under the laws of Hong Kong, China with its principal place of business located at 99 Queens Road, 31/F., The Center, Central, Hong Kong, China.

3.      At all times material hereto, Defendant engaged in business in this judicial district by and through its agents, employees, servants and representatives, actual or apparent, any and all of whom were acting, or purporting to act, within the course and scope of their authority, agency duties and/or employment.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a) in that the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interests and costs, and the matter is between a citizen of a state and a citizen or subject of a foreign state.

5.      Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1391(a) in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district and/or that the parties contractually agreed to the selection of this judicial district as the appropriate venue for the within civil action.

## SUBSTANTIVE ALLEGATIONS

6.      Plaintiff is a general merchandise electronic retailer that markets and distributes a wide variety of products directly to consumers through, among other things, its merchandise-focused, direct response television programming and the internet.

7.      At all times material hereto, Defendant is, or was, in the business of manufacturing and/or promoting, marketing, distributing and selling various consumer products, including but not limited to children's toys.

### A.      The Purchase Orders

8.      On or about June 25, 2009, Plaintiff issued revised purchase order number 616332 ("PO 616332") to Defendant for the purchase and delivery of 1,480 units of merchandise described as "Build Your Own 100 Piece Interactive RC/Free Roaming Triceratops" bearing QVC Item No. T28861 and 2,100 units of merchandise described as "Build Your Own 100 Piece Interactive RC/Free Roaming T-Rex" bearing QVC Item No. T28861 (collectively the "616332 Merchandise"), pursuant to the terms and conditions set forth in PO 616332.

9.      On or about November 6, 2009, Plaintiff issued revised purchase order number 631679 ("PO 631679") to Defendant for the purchase and delivery of 25,000 units of merchandise described as "Eagle-I Built-in Video/Audio_Recording Camera Sunglass" bearing QVC Item No. H164863 (the "631679 Merchandise"), pursuant to the terms and conditions set forth in PO 631679.

10.     On or about February 8, 2010, Plaintiff issued revised purchase order number 649373 ("PO 649373") to Defendant for the purchase and delivery of 1,720 units of merchandise described as "Eagle-I Built-in Video/Audio_Recording Camera Sunglass" bearing QVC Item No. H164863 (the "649373 Merchandise"), pursuant to the terms and conditions set forth in PO 649373.

11.     On or about October 28, 2010, Plaintiff issued revised purchase order number 668891 ("PO 668891") to Defendant for the purchase and delivery of 25,000 units of merchandise described as "Active-I Built-in Video/Audio Recording Camera Sunglasses" bearing QVC Item No. E166164 (the "668891 Merchandise"), pursuant to the terms and conditions set forth in PO 668891.

12.     On or about May 13, 2011, Plaintiff issued purchase order number 704060 ("PO 704060") to Defendant for the purchase and delivery of 3,690 units of merchandise described as "Towel Spa Towel warmer w/Built-in timer & Auto Shut Off Mode" bearing QVC Item No. V31395 (the "704060 Merchandise"), pursuant to the terms and conditions set forth in PO 704060.

13.     On or about September 6, 2011, and as thereafter revised, Plaintiff issued purchase order number 714529 ("PO 714529") to Defendant for the purchase and delivery of, among other items, "Stompeez Children's Animated Plush Slippers Puppy" bearing QVC Item

No. T31609 (the "T31609 Merchandise"), pursuant to the terms and conditions set forth in PO 714529.

14.     On or about October 21, 2011, Plaintiff issued revised purchase order number 705371 ("PO 705371") to Defendant for the purchase and delivery of 3,008 units of merchandise described as "Showtime Karaoke Dock iPod with Microphone", bearing QVC Item No. E167544 (the "705371 Merchandise"), pursuant to the terms and conditions set forth in PO 705371.

15.     On or about November 8, 2011, Plaintiff issued revised purchase order number 704937 ("PO 704937") to Defendant for the purchase and delivery of 4,300 units of "Active-I Sunglasses w/Built-in Camera and Audio Recording" bearing QVC Item No. E167478 (the "704937 Merchandise"), pursuant to the terms and conditions set forth in PO 704937 (PO 616332, PO 631679, PO 649373, PO 668891, PO 704060, PO 705371, and PO 704937 hereinafter are referred to collectively as the "Purchase Orders") (616332 Merchandise, 631679 Merchandise, 649373 Merchandise, 668891 Merchandise, 704060 Merchandise, 705371 Merchandise, and 704937 Merchandise hereinafter are referred to collectively as the "Merchandise" unless otherwise stated).

16.     Defendant accepted the Purchase Orders without modification of its terms and conditions by, among other things, the subsequent delivery of some or all of the respective Merchandise to Plaintiff.

17.     Plaintiff has satisfied all of its obligations under each of the Purchase Orders.

18.     Section 3 of the terms and conditions of the Purchase Orders provides, in relevant part:

> In addition to and without prejudice to any and all other warranties, express or implied by law, Vendor represents, warrants and covenants to Buyer that: . . . (f) all Merchandise furnished hereunder: shall be new, first quality merchandise; shall  conform

to all representations and/or specifications made by Vendor; shall conform to all instructions intended for  customers; shall conform to the Vendor samples given to Buyer; shall be free from all defects (including latent defects) in workmanship, material and design, and; shall not be reworked, rebuilt or refurbished merchandise[.]

19.   Section 4 of the terms and conditions of the Purchase Orders provides, in relevant part:

4. [Defendant] hereby agrees to protect, defend, hold harmless and indemnify [Plaintiff], . . . from and against any and all claims, actions, suits, costs, liabilities, damages and expenses (including, without limitation, all direct, special, incidental, exemplary and consequential damages and losses of any kind . . . and reasonable attorneys' fees) based upon or resulting from: . . . (d) breach by [Defendant] of any representations, warranties or covenants; and (e) any alleged or actual violation by [Defendant] and/or the Merchandise of any applicable Laws. . . . [Plaintiff] shall have the right, at [Plaintiff]'s option, to withhold from any payments due or which may become due to [Defendant] an amount (determined in [Plaintiff]'s reasonable discretion) sufficient to cover all potential damages, losses, costs and legal fees that may be suffered by [Plaintiff] as a result of any Claim received by [Plaintiff], its subsidiaries and/or affiliates. Once such Claim is resolved, appropriate adjustments will be made in accordance with this Order, and any withheld monies then due to [Defendant] shall be paid to [Defendant] or credited to [Defendant] or deducted from amounts due to [Defendant], at [Plaintiff]'s option, or any additional monies then owed by [Defendant] shall be charged to [Defendant], at [Plaintiff]'s option, as applicable[.]

20.   Section 6 of the terms and conditions of the Purchase Orders provides, in relevant part:

6. Merchandise shipped or delivered to the Warehouse prior to the first permitted ship or delivery date specified on the face hereof, may, at [Plaintiff]'s option, be returned to [Defendant], at [Defendant]'s risk and expense, and upon such return, shall be held by [Defendant] for [Plaintiff] until shipment or delivery on the specified date. Merchandise shipped or delivered to the Warehouse after the last permitted ship or delivery date specified on the face hereof may, at [Plaintiff]'s option, be returned to [Defendant], at [Defendant]'s risk and expense, and upon such return, [Plaintiff] may cancel this Order, in whole or in part, without liability. Unless

otherwise stated on the face hereof, [Defendant] shall ship the Merchandise in one shipment. In the event of shipment or receipt of an unauthorized quantity, [Plaintiff] may, at its option, either reject or accept the entire shipment unless partial shipments are authorized on the face hereof. Additional freight charges resulting from partial shipments shall be borne by [Defendant]. Partial shipments shall not cause [Defendant]'s obligations to become severable. Unless otherwise stated on the face hereof, [Defendant] shall pay or reimburse [Plaintiff], at the direction of [Plaintiff], for all freight, packing and insurance incident to the shipment of the Merchandise, including, without limitation, loading and unloading charges, mileage charges, taxes, tolls and other fees. [Defendant] agrees to follow [Plaintiff]'s instructions with respect to shipment, routing and packaging. [Defendant]'s failure to comply with the terms and conditions set forth in this Section or in [Plaintiff]'s shipping regulations (including chargeback program) ("Regulations") or in any applicable standards provided by [Plaintiff] to [Defendant] ("Standards"), in effect as of the date of this Order, and which are incorporated herein by reference, may, at [Plaintiff]'s option, result in the imposition of charges as set forth in such documents.   In addition, any breach by [Defendant] of the provisions of Section 3(d) hereof shall result in the imposition of charges upon [Defendant] for all costs incurred by [Plaintiff] as a result of such breach (including, without limitation, the cost of customer refunds and all administrative costs).   Any charges assessed as set forth herein may be deducted from any amounts due or which may become due to [Defendant]. Copies of the Regulations and the Standards are available to [Defendant] upon written request to [Plaintiff].

21.     Section 7 of the Purchase Orders provides, in relevant part, as follows with respect to Plaintiff's rights to return to Defendant (a) Merchandise that fails to meet or satisfy Plaintiff's quality assurance tests and standards; and/or (b) Merchandise that otherwise fails to satisfy Defendant's express or implied warranties with respect thereto:

7. Merchandise furnished hereunder . . . which is returned by any of [Plaintiff]'s customers for any reason, . . . may be rejected (or acceptance thereof by [Plaintiff] revoked) at [Plaintiff]'s option and returned to [Defendant]. All expense of unpacking, examining, repacking, storing, returning and reshipping any Merchandise rejected (or acceptance of which has been revoked) as aforesaid shall be at [Defendant]'s expense and risk. With respect to such returned Merchandise . . . [Plaintiff] shall, at its option, receive a credit or refund equal to the average cost of amounts paid by

[Plaintiff] for each item of such Merchandise, . . . including, without limitation, in-bound freight charges (notwithstanding contrary Freight Terms, if any, set forth on the face hereof). In the event that [Plaintiff] shall opt to receive a refund, [Defendant] shall pay [Plaintiff] in immediately available funds within fifteen (15) days of [Plaintiff]'s request. . . . In the event that [Plaintiff] shall opt to receive a credit, [Plaintiff] may apply such credit toward any amounts due or which may become due to [Defendant].

22.     Section 8 of the Purchase Orders provides, in relevant part, as follows with respect to Plaintiff's rights to return to Defendant Merchandise not sold by Plaintiff in the ordinary course of its business:

8. If a percentage greater than zero is indicated in the "Sale or Return" designation on the face hereof, then this is a "sale or return" transaction as defined in the Uniform Commercial Code as enacted in Pennsylvania, 13 Pa. C.S., Division 2. In addition to its right to return Merchandise as provided elsewhere in this Order, [Plaintiff] may return to [Defendant], for credit or cash, at [Plaintiff]'s option, all or any portion of the following: (a) with respect to "sale or return" transactions only, any Merchandise which is not sold by [Plaintiff] up to the percentage indicated in the "Sale or Return" designation on the face hereof (based on the aggregate amount of this Order) within sixty (60) days after remittance of the Subsequent Payment . . . or, if no Subsequent Payment, within one hundred and eighty (180) days after remittance of [Plaintiff]'s Initial Payment to [Defendant] . . . ; and (b) with respect to all transactions, any Merchandise which has been sold to and then returned by customers at any time. The expenses incident to the return of Merchandise to [Defendant] under the foregoing clause (a) shall be paid by [Plaintiff], unless otherwise specified on the face hereof. The expenses incident to the return of Merchandise to [Defendant] under the foregoing clause (b) shall be paid or reimbursed by [Defendant] in accordance with Section 7 of this Order. [Plaintiff] is not obligated to pay for any Merchandise returned to [Defendant] and is therefore entitled to an immediate and full refund of any and all monies previously paid to [Defendant] on account of such returned Merchandise. If [Defendant] fails or refuses to make arrangements for the return of Merchandise satisfactory to [Plaintiff] within five (5) days of receipt of [Plaintiff]'s request for return authorization, if any, [Plaintiff] may make such arrangements on [Defendant]'s behalf and at [Defendant]'s risk and expense. If [Defendant] fails or refuses to accept any returned Merchandise and/or to remit such refund to [Plaintiff] in a timely manner and in accordance with the

terms of this Order, [Plaintiff] may debit such amount against [Defendant]'s account and/or take such other action as it may deem necessary or desirable to recover the monies owed by [Defendant]. . . . The rights of [Plaintiff] set forth in this Section are in addition to, and not in lieu of, any and all other rights and remedies available to [Plaintiff] pursuant to this Order, applicable law or in equity.

23.     Section 11 of the terms and conditions of PO 704060 and 704937 provides as

follows with respect to certain deductions:

11.     In addition to any other charges due to [Plaintiff] from [Defendant] under this Order, effective with Merchandise shipped to [Plaintiff] on or after February 1, 2011, [Plaintiff] will recoup from [Defendant] a charge equal to 0.75% of [Plaintiff]'s Order price for each unit of such Merchandise shipped and received by [Plaintiff] (each, a "QPlatforms Deduction"). QPlatforms Deductions will be recouped by [Plaintiff] regardless of the subsequent disposition of the Merchandise, including, without limitation, any and all returns of such Merchandise to [Defendant] for any reason, without credit or refund to [Defendant].

24.     The terms and conditions of the Purchase Orders provides as follows with respect to

governing law and choice of forum for all matters arising under the Purchase Orders:

This Order shall be governed by the laws of the Commonwealth of Pennsylvania applicable to contracts to be performed wholly therein, regardless of place of acceptance. [Defendant] and [Plaintiff] expressly exclude the application of the United Nations Convention on Contracts for the International Sale of Goods, if applicable. [Defendant] hereby consents to the exclusive jurisdiction of the state courts of the Commonwealth of Pennsylvania for the County of Chester and the federal courts for the Eastern District of Pennsylvania in all matters arising hereunder. [Defendant] hereby irrevocably agrees to service of process by certified mail, return receipt requested, to its address as set forth on the face of this Order or to such other address as [Defendant] may deliver to [Plaintiff] in writing.

## B.     **The Customer Return Merchandise**

25.     In accordance with the terms of the Purchase Orders, Plaintiff seasonably and

timely exercised its rights under Section 7 of the Purchase Orders to return to Defendant for

credit or refund (at Plaintiff's option) no less than 5115 units of the following Merchandise that was sold by Plaintiff pursuant to the Purchase Orders, but subsequently returned to Plaintiff by its retail customers for any reason (collectively, the "Customer Return Merchandise") for a refund due and owing to Plaintiff in the aggregate amount of no less than $383,116.76 on account of the Customer Return Merchandise, in addition to the costs of unpacking, examining, repacking, storing, returning and reshipping such Customer Return Merchandise:

| Purchase Order Number | QVC Item Number | Quantity |
|---|---|---|
| 631679 | H164863 | 1269 |
| 616332 | T28861 | 15 |
| 649373 | H164863 | 407 |
| 668891 | E166164 | 3395 |
| 704060 | V31395 | 29 |

26.     Despite Plaintiff's repeated demands, and in violation of the terms and conditions of the Purchase Orders, Defendant failed or refused to provide the cash refund due and owing to Plaintiff, after all credits due to Defendant, in the aggregate amount of no less than $383,116.76 on account of the Customer Return Merchandise, in addition to the costs of unpacking, examining, repacking, storing, returning and reshipping such Customer Return Merchandise.

**C.     The Sale or Return Merchandise**

27.     Pursuant to the terms and conditions of PO 616332 and 668891, including, but not limited to, Section 8 thereof, Plaintiff has the right to return to Defendant up to twenty-five percent (25%) of the 616332 Merchandise and up to one-hundred percent of the 668891 Merchandise acquired pursuant to PO 616332 and 668891, respectively, but not sold by Plaintiff in the ordinary course of its business (the "Sale or Return Merchandise") for a full refund.

28.     In accordance with the terms of the applicable Purchase Orders, Plaintiff seasonably and timely exercised its rights to return to Defendant no less than the following

quantities of Sale or Return Merchandise for full refund, in the aggregate amount of no less than $1,057,949.81:

| Purchase Order Number | QVC Item Number | Quantity |
|---|---|---|
| 616332 | T28861 | 2,772 |
| 668891 | E166164 | 11,629 |

29.     Despite Plaintiff's repeated demands, and in violation of the terms and conditions of the applicable Purchase Orders, Defendant failed or refused to provide the cash refund due and owing to Plaintiff, in the aggregate amount of no less than $1,057,949.81 on account of the Sale or Return Merchandise.

**D.      Rejection (or Revocation of Acceptance) of the Merchandise**

30.     Due to the above-described conduct and breaches of the Agreement and Purchase Orders, Plaintiff rejected (or revoked acceptance) of all of the Merchandise and exercised its rights under Section 7 of the Purchase Orders and under applicable law to return to Defendant all Merchandise (a) currently in Plaintiff's possession; and (b) which may be returned to Plaintiff by its retail customers in the future, both for a full refund in the amount of the cost price of the Merchandise, together with all expenses of unpacking, examining, repacking, storing, returning and reshipping such Merchandise.

31.     As a result of Plaintiff's rejection (or revoked acceptance) of the Merchandise, Plaintiff is entitled to a refund of the cost price of the Unsold Merchandise and Customer Return Merchandise in Plaintiff's possession, in an amount totaling no less than $1,441,066.57, less any applicable vendor credits, as well as the costs of unpacking, examining, repacking, storing, returning and reshipping the Unsold Merchandise and Customer Return Merchandise.

32.     Pursuant to 13 Pa.C.S.A. § 2711(c), Plaintiff holds a security interest in and to all Merchandise in its possession or control that has been rejected (or the acceptance thereof revoked) for all payments previously made by Plaintiff for such Customer Return Merchandise and for all expenses incurred in their inspection, receipt, transportation, care and custody.

E.     **Additional Unpaid Vendor Charges**

    1.     **Short Shipment Debit**

33.     In accordance with the terms and conditions of the applicable Purchase Order, there is due and owing to Plaintiff by Defendant no less than $2,628.90 on account of a certain short shipment ("Short Shipment"), as follows:

| Purchase Order Number | Quantity Invoiced | Quantity Shipped | Short Shipment Debit |
|---|---|---|---|
| 616332 | 24,100 | 24,070 | $2,628.90 |

34.     Despite repeated demands, and in violation of the terms and conditions of PO 668891, Defendant failed or refused to remit to Plaintiff the aforesaid amount of not less than $2,628.90 on account of the Short Shipment.

    2.     **Price Difference Debit**

35.     In accordance with the terms and conditions of the applicable Purchase Order, there is due and owing to Plaintiff by Defendant no less than $32,029.20 on account of a certain price difference ("Price Difference") between the price set forth in the purchase order and the invoiced price, as follows:

| Purchase Order Number | Unit Price (PO) | Unit Price (Invoice) | Price Difference Debit |
|---|---|---|---|
| 704937 | $51,37 | $58.75 | $32,029.20 |

36.     Despite repeated demands, and in violation of the terms and conditions of PO 704937, Defendant failed or refused to remit to Plaintiff the aforesaid amount of not less than $32,029.20 on account of the Price Difference.

**3.       The Vendor Chargeback**

37.     In accordance with the terms of PO 668891 (including, without limitation, Sections 4 and 6 thereof), there is due and owing to Plaintiff by Defendant no less than $1,500.00 on account of a certain vendor chargeback (the "Vendor Chargeback"), as follows:

| Invoice Number | Date | Amount |
|---|---|---|
| VCB328088 | Nov. 10, 2010 | $1,500.00 |

38.     Despite repeated demands, and in violation of the terms and conditions of PO 668891, Defendant failed or refused to remit to Plaintiff the aforesaid amount of not less than $1,500.00 on account of the Vendor Chargeback.

**4.       The PAF Charges**

39.     In accordance with the terms of the following applicable Purchase Orders, there is due and owing to Plaintiff by Defendant the aggregate amount of no less than $360.32 on account of the following "personal account form" charges (the "PAF Charges"):

| Date of Charge (on or about) | PAF Charge Number | Purchase Order Number | Amount |
|---|---|---|---|
| Dec. 15, 2010 | PAF1037487D | 704937 | $67.52 |
| Apr. 27, 2011 | PAF1041340 | 704937 | $292.80 |

40.     Despite repeated demands, and in violation of the terms and conditions of the applicable Purchase Orders, Defendant failed or refused to remit to Plaintiff the aforesaid amount of not less than $360.32 on account of the PAF Charges.

5.      **QPlatforms Deductions**

41.      In accordance with the terms and conditions of the applicable Purchase Orders (including, without limitation, Section 11 thereof), there is due and owing to Plaintiff by Defendant no less than $2,616.08 on account of certain QPlatforms Deductions as set forth as follows:

| Purchase Order Number | QVC Item Number | Quantity Received | QPlatform Deduction |
|---|---|---|---|
| 704937 | E167478 | 4,340 | $1,672.09 |
| 704060 | V31395 | 3,690 | $943.99 |

42.      Despite repeated demands, and in violation of the terms and conditions of the applicable Purchase Orders, Defendant failed or refused to remit to Plaintiff the aforesaid amount of not less than $2,616.08 on account of the QPlatforms Deductions.

6.      **The Vendor Funded Shipping and Handling Charges**

43.      On various dates, Defendant agreed, in writing, to cover the shipping and handling charges with respect to certain units of the following Merchandise (collectively, the "Vendor Funded Shipping and Handling Charges") as set forth as follows:

| Invoice Number | Invoice Date | QVC Item Number | Purchase Order Number | Amount |
|---|---|---|---|---|
| SH JUN2010 | 6/30/10 | H164863 | 704937 | $271.44 |
| SH JULY2010 | 7/31/10 | H164863 | 704937 | $1,153.62 |
| SH AUG2010 | 8/31/10 | H164863 | 704937 | $114.84 |
| SH SEPT2010 | 9/30/10 | | H164863 | 704937 |
| SH NOV2010 | 11/30/10 | H164863 | 704937 | $7,636.86 |
| SHH DEC2010 | 12/31/10 | E166164 | 704937 | $16,173.75 |
| SHH DEC2010 | 12/31/10 | H164863 | 704937 | $1.25 |

44.      Despite repeated demands, and in violation of the terms and conditions of the applicable Purchase Orders and Defendant's agreement with Plaintiff, Defendant failed or

refused to remit to Plaintiff the aggregate sum of no less than $28,131.78 on account of the Vendor Funded Shipping and Handling Charges.

       **7.**     <u>**Quality Assurance Returns**</u>

      45.     Pursuant to the terms and conditions of PO 714529, including, but not limited to, Section 3 and 7 thereof, Defendant represented and warranted that the Merchandise shall be new, first quality merchandise; shall conform to all representations and/or specifications made by Vendor; shall conform to all instructions intended for customers; shall conform to the Vendor samples given to Buyer; shall be free from all defects (including latent defects) in workmanship, material and design, and; shall not be reworked, rebuilt or refurbished merchandise."

      46.     Certain T31609 Merchandise did not meet or comply with QVC's quality assurance standards and was returned to Defendant.

      47.     In accordance with the terms and conditions of the applicable Purchase Orders (including, without limitation, Section 3 thereof), there is due and owing to Plaintiff by Defendant no less than $6,544.62 on account of these certain Quality Assurance returns.

**F.**     <u>**Defendant's Breach of the Payment Plan**</u>

      48.     In the fall of 2011, on account of Defendant's aforementioned debit balance owed to Plaintiff, and Defendant's representation as to its financial difficulties, Plaintiff agreed to a payment plan with Defendant.

      49.     On or about September 13, 2011, Defendant agreed, in writing, to pay fifty-percent (50%) of the outstanding debit balance on or before November 20, 2011 and the remaining debit balance on or before December 20, 2011 (the "Payment Plan").

      50.     Defendant breached the Payment Plan.

51.     On or about December 16, 2011, Defendant made a payment of only $10,000.00, on an outstanding debit balance that was then approximately $918,000.00.

## COUNT I

52.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 46 inclusive as if set forth fully at length herein.

53.     Defendant's refusal to provide Plaintiff with a refund in the amount of no less than $383,116.76, less any applicable vendor credits, for the Customer Return Merchandise, less applicable vendor credits, in addition to all costs of unpacking, examining, repacking, storing, returning and reshipping of such Customer Return Merchandise, constitutes a breach of the contractual terms, conditions and covenants of the Purchase Orders.

54.     Plaintiff has sustained, and continues to sustain, damages as a result of Defendant's breach of the contractual terms, conditions and covenants of the Purchase Orders.

55.     Plaintiff is entitled to damages of no less than $383,116.76, less any applicable vendor credits, representing the refund due to Plaintiff on account of  the Customer Return Merchandise pursuant to Sections 7 and 8 of the Purchase Orders, in addition to the costs of re-packing and shipping on account of such Customer Return Merchandise, such prejudgment interest as allowed by law, and reasonable attorneys' fees and costs.

WHEREFORE, plaintiff, QVC, Inc., demands judgment in its favor and against defendant, Interactive Group Limited (a) awarding damages to plaintiff in the amount of no less than $383,116.76; (b) awarding to plaintiff the costs of repacking and shipping on account of such Customer Return Merchandise, (c) awarding reasonable attorneys' fees and expenses; (c) awarding costs and such prejudgment interest as allowed by law; and (d) granting all such other relief as the Court may deem appropriate and proper.

## COUNT II

56.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 46 inclusive as if set forth fully at length herein.

57.     Plaintiff is entitled to specific performance of its rights under each of the Purchase Orders, including, without limitation, Sections 7 and 8 thereof, to return the aforesaid Customer Return Merchandise, as described above, for a full cash refund to Plaintiff in the amount of no less than $383,116.76, less any applicable vendor credits, in addition to all costs of all costs of unpacking, examining, repacking, storing, returning and reshipping such Customer Return Merchandise.

58.     Plaintiff is entitled to reimbursement of its costs and expenses, including reasonable attorneys' fees and costs, incurred as a result of Defendant's failure or refusal to accept return of the aforesaid Customer Return Merchandise and to remit a cash refund to Plaintiff in the amount of no less than $383,116.76, less any applicable vendor credits, in addition to all costs of all costs of unpacking, examining, repacking, storing, returning and reshipping such Customer Return Merchandise.

59.     Plaintiff is entitled to specific performance of its rights under each of the Purchase Orders to return to Defendant all further units of Customer Return Merchandise, in addition to the aforesaid Customer Return Merchandise, as may be returned to Plaintiff by its retail customers, for a refund of not less than the full cost price paid by Plaintiff for such Customer Return Merchandise, in addition to all costs of unpacking, examining, repacking, storing, returning and reshipping such Customer Return Merchandise.

WHEREFORE, plaintiff, QVC, Inc., demands judgment in its favor and against defendant, Interactive Group Limited (a) permanently enjoining and compelling Defendant Interactive Group Limited, to specifically perform in accordance with the applicable contracts by and between the

parties and to accept return of (i) those units of Customer Return Merchandise for which plaintiff previously exercised its return rights and to remit a cash refund to plaintiff in the amount of no less than $383,116.76, in addition to all costs of all costs of unpacking, examining, repacking, storing, returning and reshipping such Customer Return Merchandise; and (ii) all additional units of Customer Return Merchandise, in addition to the aforesaid units of Customer Return Merchandise, as may be returned to Plaintiff by its retail customers and to remit a cash refund to plaintiff for the cost price thereof, in addition to all costs of all costs of unpacking, examining, repacking, storing, returning and reshipping such additional Customer Return Merchandise; (b) granting reimbursement to plaintiff of its costs and expenses, including reasonable attorneys' fees and costs, incurred as a result of Defendant's failure or refusal to accept return of the aforesaid units of the Customer Return Merchandise and to remit to plaintiff a cash refund and reimbursement of costs, and (c) granting such other relief as the Court may deem appropriate and proper.

## COUNT III

60.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 46 inclusive as if set forth fully at length herein.

61.     Defendant's refusal to provide Plaintiff with a refund in the amount of no less than $1,057,949.81, less any applicable vendor credits, for the Sale or Return Merchandise constitutes a breach of the contractual terms, conditions and covenants of the Purchase Orders.

62.     Plaintiff has sustained, and continues to sustain, damages as a result of Defendant's breach of the contractual terms, conditions and covenants of the Purchase Orders.

63.     Plaintiff is entitled to damages of no less than $1,057,949.81, less any applicable vendor credits, representing the refund due to Plaintiff as a result of its exercise of its right to return

the Sale or Return Merchandise pursuant to Section 8 of the Purchase Orders, together with such prejudgment interest as allowed by law, and reasonable attorneys' fees and costs.

WHEREFORE, plaintiff, QVC, Inc., demands judgment in its favor and against defendant, Interactive Group Limited (a) awarding damages in the amount of no less than $1,057,949.81, less any applicable vendor credits, (b) awarding reasonable attorneys' fees and expenses; (c) awarding costs and such prejudgment interest as allowed by law; and (d) granting all such other relief as the Court may deem appropriate and proper.

## COUNT IV

64.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 46 inclusive as if set forth fully at length herein.

65.     Plaintiff is entitled to specific performance of its rights under each of the Purchase Orders, including, without limitation, Section 8 thereof, to return the aforesaid Sale or Return Merchandise, as described above, for a full cash refund to Plaintiff in the amount of no less than $1,057,949.81, less any applicable vendor credits.

66.     Plaintiff is entitled to reimbursement of its costs and expenses, including reasonable attorneys' fees and costs, incurred as a result of Defendant's failure or refusal to accept return of the Sale or Return Merchandise and to remit a cash refund to Plaintiff in the amount of no less than $1,057,949.81, less any applicable vendor credits,, on account of such Sale or Return Merchandise.

WHEREFORE, plaintiff, QVC, Inc., demands judgment in its favor and against defendant, Interactive Group Limited (a) permanently enjoining and compelling defendant to specifically perform in accordance with the applicable contracts by and between the parties and to accept return of the Sale or Return Merchandise and remit a cash refund to plaintiff in the amount of no less than $1,057,949.81, less any applicable vendor credits; (b) granting reimbursement to plaintiff of its

costs and expenses, including reasonable attorneys' fees and costs, incurred as a result of defendant's failure or refusal to accept return of such Sale or Return Merchandise and to remit a cash refund to plaintiff, and (c) granting such other relief as the Court may deem appropriate and proper.

## COUNT V

67.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 46 inclusive as if set forth fully at length herein.

68.     Defendants refusal to provide Plaintiff with a refund in the amount of no less than $73,810.90, less any applicable vendor credits, for the (a) Short Shipment Debit; (b) Price Difference Debit; (c) Vendor Chargebacks; (d) PAF Charge; (e) QPlatforms Deductions; (f) Vendor Funded Shipping and Handling Charges; and (g) the Quality Assurance Returns constitutes a breach of the contractual terms, conditions and covenants of the Purchase Orders.

69.     Plaintiff has sustained, and continues to sustain, damages as a result of Defendant's breach of the contractual terms, conditions and covenants of the Purchase Orders.

70.     Plaintiff is entitled to damages of no less than $73,810.90, less any applicable vendor credits, representing the (a) Short Shipment Debit; (b) Price Difference Debit; (c) Vendor Chargebacks; (d) PAF Charge; (e) QPlatforms Deductions; (f) Vendor Funded Shipping and Handling Charges; and (g) the Quality Assurance Returns, together with such prejudgment interest as allowed by law, and reasonable attorneys' fees and costs.

WHEREFORE, plaintiff, QVC, Inc., demands judgment in its favor and against defendant, Interactive Group Limited (a) awarding damages in the amount of no less than $73,810.90, less any applicable vendor credits, (b) awarding reasonable attorneys' fees and expenses; (c) awarding costs

and such prejudgment interest as allowed by law; and (d) granting all such other relief as the Court may deem appropriate and proper.

## COUNT VI

71.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 46 inclusive as if set forth fully at length herein.

72.     Defendant's failure and refusal to perform as agreed pursuant to the Payment Plan constitutes a violation and breach of the terms of the Payment Plan.

73.     Plaintiff has sustained, and continues to sustain, damages as a result of Defendant's breach of the Payment Plan.

74.     Plaintiff is entitled to damages of no less than $924,912.18, representing the cash refund due and owing to Plaintiff for the Customer Return Merchandise, the Sale or Return Merchandise, the Short Shipment Debit; the Price Difference Debit; the Vendor Chargebacks; the PAF Charge; the QPlatforms Deductions; the Vendor Funded Shipping and Handling Charges and the Quality Assurance Returns, net of any vendor credits, together with all costs of unpacking, examining, repacking, storing, returning and reshipping of such Merchandise, such prejudgment interest as allowed by law, and reasonable attorneys' fees and costs.

WHEREFORE, plaintiff, QVC, Inc., demands judgment in its favor and against defendant, Interactive Group Limited (a) awarding damages in the amount of no less than $924,912.18, (b) awarding costs and such prejudgment interest as allowed by law; and (c) granting all such other relief as the Court may deem appropriate and proper.

## COUNT VII

75.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 46 inclusive as if set forth fully at length herein.

-20-

76.     Defendant's refusal to refund the amount of no less than $924,912.18, representing the cash refund due and owing to Plaintiff all as more fully described above, constitutes a failure to give Plaintiff proper restitution for property and/or benefits received by Defendant and, accordingly, Defendant has been unjustly enriched at the expense of Plaintiff.

WHEREFORE, plaintiff, QVC, Inc., demands judgment in its favor and against defendant, Interactive Group Limited, (a) awarding restitution to plaintiff, QVC, Inc., in the amount of no less than $924,912.18; (b) awarding costs and such interest as allowed by law; (c) prejudgment interest; and (d) all such other relief as the Court may deem appropriate and proper.

<div style="margin-left:40%">

**SAUL EWING LLP**
A Delaware Limited Liability Partnership

By: _____

Nathaniel Metz, Esquire
*nmetz@saul.com*
Amy S. Kline, Esquire
*akline@saul.com*
1200 Liberty Ridge Drive, Suite 200
Wayne, PA  19087-5569
(610) 251-5050
(610) 251-1406 (FAX)
          - and -
Caitlin M. Piccarello, Esquire
*cpiccarello@saul.com*
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA  19102-2186
(215) 972-7153
(215) 972-4167 (FAX)

*Attorneys for Plaintiff QVC, Inc.*

</div>

Dated: April 6, 2012