**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

_____
                                                        :
QVC, INC.                                          :
Studio Park                                        :
1200 Wilson Drive                                :
West Chester, Pennsylvania 19380,       :        CIVIL ACTION
                        Plaintiff,                  :
                                                        :        NO.  2:12-cv-01761-JS
                v.                                    :
                                                        :
INTERACTIVE GROUP LIMITED             :
99 Queens Road, 31/F., The Center        :
Central, Hong Kong, China                    :
                                                        :
                        Defendant.               :
_____:

**O R D E R**

AND  NOW,  this  _____  day  of  _____,  201__,  upon  consideration  of  the

**Third Motion Of Plaintiff QVC, Inc. To Extend The Time For Service Of Summons And**

**Complaint Pursuant To Fed. R. Civ. P. 4(m)** (the "Motion"), it is hereby ORDERED and

DECREED that:

(1)        The Motion is GRANTED; and

(2)        The time period for service of the summons and complaint in the above-captioned

civil action is extended for an additional period of 120 days, or until May 3, 2013.

BY THE COURT:

_____

JUAN SANCHEZ, U.S.D.J.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____

QVC, INC.                                      :
Studio Park                                    :
1200 Wilson Drive                              :
West Chester, Pennsylvania 19380,              :       CIVIL ACTION
        Plaintiff,              :
                       :       NO.  2:12-cv-01761-JS
        v.                      :
                       :
INTERACTIVE GROUP LIMITED                      :
99 Queens Road, 31/F., The Center              :
Central, Hong Kong, China                      :
                       :
        Defendant.              :

_____:

## THIRD MOTION OF PLAINTIFF QVC, INC. TO
## TO EXTEND THE TIME FOR SERVICE OF SUMMONS
## AND COMPLAINT PURSUANT TO FED. R. CIV. P. 4(m)

Plaintiff QVC, Inc., by and through its undersigned counsel, hereby moves for entry of an

Order in the form attached hereto extending the time for service of summons and complaint in

the above-captioned civil action pursuant to Fed. R. Civ. P. 4(m) for the reasons set forth in the

accompanying memorandum of law, which is incorporated herein by reference.

                                     **SAUL EWING LLP**

                            By:   */s/ Amy S. Kline*
                                 Amy S. Kline, Esquire
                                 (610) 251-5765
                                 (215) 972-1943 (Telefacsimile)
                                 akline@saul.com
                                 Nathaniel Metz, Esquire
                                 (610) 251-5099
                                 (610) 722-3271 (Telefacsimile)
                                 nmetz@saul.com
                                 1200 Liberty Ridge Drive, Suite 200
                                 Wayne, PA  19087-5569

Dated:  December 26, 2012                   *Attorneys for Plaintiff, QVC, Inc.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

———————————————————————
                                                        :
QVC, INC.                                               :
Studio Park                                             :
1200 Wilson Drive                                       :
West Chester, Pennsylvania 19380,                       :      CIVIL ACTION
                          Plaintiff,                    :
                                                        :      NO.  2:12-cv-01761-JS
               v.                                       :
                                                        :
INTERACTIVE GROUP LIMITED                               :
99 Queens Road, 31/F., The Center                       :
Central, Hong Kong, China                               :
                                                        :
                          Defendant.                    :
———————————————————————:

**MEMORANDUM OF LAW IN SUPPORT OF THE THIRD MOTION
OF PLAINTIFF QVC, INC. TO EXTEND THE TIME FOR SERVICE OF SUMMONS
AND COMPLAINT PURSUANT TO FED. R. CIV. P. 4(m)**

Plaintiff QVC, Inc. ("Plaintiff"), by and through its undersigned counsel, respectfully submits the following memorandum of law in support of the **Third Motion Of Plaintiff QVC, Inc. To Extend The Time For Service Of Summons And Complaint Pursuant To Fed. R. Civ. P. 4(m).**  By such motion, Plaintiff respectfully requests, for the reasons set forth below, that the Court enter the proposed Order appended hereto extending the time for service of the summons and complaint upon defendant, Interactive Group Limited ("Defendant") pursuant to Fed. R. Civ. P. 4(m) for an additional period of 120 days, or until May 3, 2013.

## BACKGROUND

Plaintiff, a Delaware corporation with its principal place of business located in West Chester, Pennsylvania, is a general merchandise electronic retailer that markets and distributes a wide variety of consumer products directly to retail customers through various means and media. Defendant, a Chinese company with its principal place of business located in Hong Kong, China,

is in the business of manufacturing and/or promoting, distributing and selling various consumer products, including but not limited to children's toys.

This matter arises out of Defendant's failure or refusal to provide a cash refund due and owing to Plaintiff in an amount of no less than $1,057,949.81, less any applicable vendor credits. From June 2009 through November 2011, Plaintiff issued several purchase orders ("Purchase Orders") to Defendant for the purchase and delivery of various items of Defendant's merchandise (the "Merchandise").  Defendant accepted each of the Purchase Orders without modification of their terms and conditions by, among other things, the subsequent delivery of some or all of the respective Merchandise to Plaintiff.

The Purchase Orders provide, among other things:  (1) Merchandise that is returned by any of Plaintiff's customers for any reason may be rejected (or acceptance thereof by Plaintiff revoked) at Plaintiff's option and returned to Defendant for a refund; (2) if a percentage greater than zero is indicated in the "Sale or Return" designation on the face of the Purchase Order, then the Purchase Order is a "sale or return" transaction as defined by 13 Pa. C.S., Division 2.  In addition to its right to return Merchandise as provided elsewhere in the Purchase Orders, Plaintiff may return to Defendant, for credit or cash, at Plaintiff's option, all or any portion of any Merchandise which is not sold by Plaintiff up to the percentage indicated in the "Sale or Return" designation on the face of the Purchase Order; and (3) Plaintiff has certain rights to recover costs associated with breaches of the Purchase Orders, including the cost of customer refunds and all administrative costs, which may be deducted from any amounts due or which may become due to Defendant.

Plaintiff paid all sums due to Defendant on account of the Purchase Orders and in connection with the Merchandise and has otherwise satisfied all of its obligations under each of

the Purchase Orders.  Pursuant to the Purchase Orders, Defendant shipped and delivered the Merchandise to Plaintiff.

In accordance with the terms of the Purchase Orders, Plaintiff seasonably and timely exercised its rights under the Purchase Orders to return to Defendant for credit or refund (at Plaintiff's option) Merchandise that was sold by Plaintiff pursuant to the Purchase Orders, but subsequently returned to Plaintiff by its retail customers (collectively, the "Customer Return Merchandise") for a refund due and owing to Plaintiff, in addition to the costs of unpacking, examining, repacking, storing, returning and reshipping such Customer Return Merchandise.  In accordance with the terms of the applicable Purchase Orders, Plaintiff also seasonably and timely exercised its rights to return to Defendant certain quantities of Sale or Return Merchandise for a full refund.  Despite Plaintiff's repeated demands, and in violation of the terms and conditions of the applicable Purchase Orders, Defendant failed or refused to provide the cash refund due and owing to Plaintiff on account of the Customer Return Merchandise or the Sale or Return Merchandise.  Defendant also failed or refused to remit to Plaintiff certain additional amounts due and owing in accordance with the terms of the Purchase Orders.

Finally, in the Fall of 2011, on account of the amounts owing to Plaintiff by Defendant, and Defendant's representations as to its financial difficulties, Plaintiff agreed to a payment plan with Defendant.  Defendant breached the payment plan.  Plaintiff, therefore, brought the within civil action to recover those amounts due and owing by Defendant.

## STATEMENT OF THE CASE

Plaintiff commenced the within civil action in this Court against Defendant on April 6, 2012.  Upon receiving the summons from the Clerk of the Court (dated April 6, 2012), on April 9, 2012, Plaintiff began the process of serving Defendant in Hong Kong.  Pursuant to the Hague

Convention on Service Abroad, of which Hong Kong, China, is a signatory, Plaintiff sent to the Chief Secretary for Administration, Hong Kong Special Administrative Region Government, in Hong Kong, China, documents for personal service upon Defendant including the Complaint – Civil Action filed with the United States District Court for the Eastern District of Pennsylvania on April 6, 2012, Summons in a Civil Action, including Proof of Service, issued by the United States District Court for the Eastern District of Pennsylvania on April 6, 2012, and the forms and disclosure statements attendant to the filing.

As might be anticipated in light of the fact that Defendant, as a Chinese company, must be served through the Hague Convention and by a process server from the Hong Kong Special Administrative Region Government, there has been significant delay in serving Defendant. The only communication Plaintiff has received further to its efforts to serve Defendant was a July 19, 2012 letter, received on August 21, 2012, requesting that Plaintiff send a Request for Service Abroad of Judicial or Extrajudicial Documents, in duplicate (the "Request Forms"). On August 21, 2012, Plaintiff sent to the Chief Secretary for Administration, Hong Kong Special Administrative Region Government, the Request Forms. Plaintiff has not received anything from the Hong Kong Special Administrative Region Government indicating whether service of the summons and complaint was made on Defendant or whether there is some explanation for the considerable delay in serving Defendant. Indeed, except as set forth above, Plaintiff is unaware of the status of service of Plaintiff's summons and complaint on Defendant. See **Declaration of Amy S. Kline, Esquire** attached hereto as Exhibit "A" and made a part hereof.

## ARGUMENT

Rule 4(m) of the Federal Rules of Civil Procedure, in relevant part, provides that, upon a showing of good cause, the mandated time period of 120 days for service of original process

shall be extended for an appropriate period of time.  See McCurdy v. American Bd. of Plastic Surgery, 157 F.3d 191, 194-196 (3d Cir. 1998).  Even in the absence of a showing of "good cause," the district court still has discretion to extend the time period for service of original process.  MCI Telecomms. Corp. v. Teleconcepts, Inc., 71 F.3d 1085, 1097-98 (3d Cir. 1995). Three factors are considered when determining whether good cause exists:  (1) whether the plaintiff made a reasonable effort to serve the defendant; (2) whether the plaintiff moved for an enlarged time to serve; and (3) whether the defendant is prejudiced by the lack of timely service. See id. at 1097.  Plaintiff submits that good cause exists in this case, which justifies extending the time to serve Defendant with Plaintiff's summons and complaint.

First, Plaintiff made a reasonable effort to serve Defendant.  As soon as Plaintiff received the summons from the Clerk of Court, Plaintiff mailed the summons, complaint and accompanying documents to the Hong Kong Special Administrative Region Government, pursuant to the procedure outlined in the Hague Convention.  On the same day that Plaintiff received the request from the Hong Kong Special Administrative Region Government to send the Request Forms, Plaintiff sent those Forms via expedited delivery.  Second, Plaintiff's within Motion requests enlarged time to serve Plaintiff's complaint and summons on Defendant. Finally, Defendant is not prejudiced by Plaintiff's requested extension of time to serve process. There are no statute of limitation issues nor risk of dissipation of evidence because the events underlying the claims occurred well within the statute of limitations for such claims.

However, even in the absence of a finding of "good cause," Plaintiff submits that the Court, in the exercise of its discretion, should grant an extension of the time in which to serve the summons and complaint in this matter.  The United States District Court for the Middle District of Pennsylvania has acknowledged the inherent difficulty in serving defendants in a foreign

country:  "[C]ourts have reasoned that the foreign country exception [to the service requirements in Fed. R. Civ. P. 4(m)] is a 'recognition that the timeliness of foreign service is often out of the plaintiff's control.'"  Allstate Ins. Co. v. Funai Corp., 249 F.R.D. 157, 161 (M.D. Pa. 2008).

## CONCLUSION

Under the circumstances, Plaintiff respectfully requests that the Court grant an additional period of time of a further 120 days to effectuate service of original process by awaiting the attempts by the Hong Kong Special Administrative Region Government, to serve Defendant via the procedure outlined in the Hague Convention, or should that fail and with the Court's approval, by alternative means.  Accordingly, Plaintiff respectfully requests that the Court enter an Order in the form attached hereto extending the time for service of summons and complaint in the above-captioned civil action pursuant to Fed. R. Civ. P. 4(m) for an additional period of 120 days, or until May 3, 2013.

**SAUL EWING LLP**

By:    /s/ Amy S. Kline
Amy S. Kline, Esquire
(610) 251-5765
(215) 972-1943 (Telefacsimile)
akline@saul.com
Nathaniel Metz, Esquire
(610) 251-5099
(610) 722-3271 (Telefacsimile)
nmetz@saul.com
1200 Liberty Ridge Drive, Suite 200
Wayne, PA  19087-5569

Dated:  December 26, 2012                     *Attorneys for Plaintiff, QVC, Inc.*

# EXHIBIT "A"

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

—————————————————————  :
                                                  :
QVC, INC.                                         :
Studio Park                                       :
1200 Wilson Drive                                 :
West Chester, Pennsylvania 19380,                 :     CIVIL ACTION
                        Plaintiff,                :     NO.  2:12-cv-01761-JS
                                                  :
              v.                                  :
                                                  :
INTERACTIVE GROUP LIMITED                         :
99 Queens Road, 31/F, The Center                  :
Central, Hong Kong, China,                        :
                        Defendant.                :
—————————————————————:

## <u>DECLARATION OF AMY S. KLINE, ESQUIRE</u>

I, Amy S. Kline, Esquire, declare pursuant to 28 U.S.C. § 1746:

1.      I am an attorney at the law firm of Saul Ewing LLP, which represents the plaintiff, QVC, Inc. ("Plaintiff") in the above-captioned action.  I make this Declaration in support of the **Motion of Plaintiff QVC, Inc. to Extend the Time for Service of Summons and Complaint Pursuant to Fed. R. Civ. P. 4(m)** (the "Motion").

2.      On behalf of Plaintiff, I had this civil action commenced on April 6, 2012 in the United States District Court for the Eastern District of Pennsylvania by filing a complaint (the "Complaint").  Upon receiving the summons from the Clerk of the Court (dated April 6, 2012) (the "Summons"), on April 9, 2012, pursuant to the process outlined in the Hague Convention on Service Abroad, I sent to the Chief Secretary for Administration, Hong Kong Special Administrative Region Government, in Hong Kong, China, documents for personal service upon Defendant including the Complaint – Civil Action filed with the United States District Court for the Eastern District of Pennsylvania on April 6, 2012, Summons in a Civil Action, including

Proof of Service, issued by the United States District Court for the Eastern District of Pennsylvania on April 6, 2012, and the forms and disclosure statements attendant to the filing.

3.      On August 21, 2012, I received a letter, dated July 19, 2012, from the Chief Secretary for Administration, Hong Kong Special Administrative Region Government, requesting that Plaintiff send a Request for Service Abroad of Judicial or Extrajudicial Documents, in duplicate (the "Request Forms").  That same day, I sent to the Chief Secretary for Administration, Hong Kong Special Administrative Region Government, the Request Forms.

4.      As of the filing of the within Declaration and Motion, I have not received anything from the Hong Kong Special Administrative Region Government indicating whether service of the summons and complaint was made on Defendant or whether there is some explanation for the considerable delay in serving Defendant.  Indeed, except as set forth above, I am unaware of the status of service of Plaintiff's summons and complaint on Defendant.

5.      Plaintiff is unaware of when it will receive proof of service of the Complaint and Summons on Defendant from the Hong Kong Special Administrative Region Government, and has no control over how long the Hong Kong Special Administrative Region Government will take to process the request for service and to serve the Complaint and Summons.

I declare under penalty of perjury that the foregoing is true and correct.


_____
AMY S. KLINE

Executed on December 26, 2012

<u>**CERTIFICATE OF SERVICE**</u>

I, Amy S. Kline, hereby certify that on this 26th day of December, 2012, I caused to be

served a true and correct copy of the **Third Motion Of Plaintiff QVC, Inc. To Extend The**

**Time For Service Of Summons And Complaint Pursuant To Fed. R. Civ. P. 4(m)**, upon the

Defendant as follows:

<u>*via* **AIRMAIL**</u>

INTERACTIVE GROUP LIMITED
99 Queens Road, 31/F., The Center
Central, Hong Kong, China


        /s/   *Amy S. Kline*
        Amy S. Kline, Esquire


Dated:  December 26, 2012